**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

TERIQUE HALL, *et al*.                           :
                                                 :
        **Plaintiff,**                                 :
                                                 :
        v.                                            :     **No. 1:26-cv-00052-LAG-CHW**
                                                 :
DEPARTMENT OF                                    :
CORRECTIONS, *et al*.,                           :     **PROCEEDINGS UNDER 42 U.S.C. § 1983**
                                                 :     **BEFORE THE U.S. MAGISTRATE JUDGE**
        **Defendants.**                               :

## <u>ORDER</u>

*Pro se* Plaintiff Terique Hall, a prisoner at Calhoun State Prison in Morgan, Georgia, filed a complaint under 42 U.S.C. § 1983 in which he includes two other prisoners as plaintiffs. ECF No. 1. Plaintiff Hall seeks leave to proceed *in forma pauperis* (ECF No. 2), the appointment of counsel (ECF No. 3), and requests leave to amend his complaint (ECF No. 6).

### MOTION TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and finds it is incomplete. A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Because Plaintiff failed to submit a certified copy of his trust fund account statement that has been signed by a corrections official, Plaintiff is

**ORDERED** to submit a certified copy of his trust fund account statement for the preceding six months that is signed by a corrections official.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply.     If Plaintiff does not timely and fully comply with this Order, this action will be dismissed.     Plaintiff is further **ORDERED** to notify the Court immediately in writing of any change of address and his failure to do so may result in dismissal of this action.

## MOTION FOR AN APPOINTED ATTORNEY

Plaintiff has moved the Court to appoint him an attorney.   ECF No. 3.   A district court "may request an attorney to represent any person unable to afford counsel."[1]   28 U.S.C. § 1915(e)(1).     There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted).   Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."   *Id.* (citations omitted).   In determining whether a case presents extraordinary circumstances, the Court considers

(1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case.   *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."   The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified.   Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court.   Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses.   Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary.   *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 3) is **DENIED**.   Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.   Consequently, there is no need for Plaintiff to file additional requests for counsel.

**ORDER TO RECAST**

In accordance with the Prison Litigation Reform Act of 1995 (the "PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).   Here, Plaintiff has filed a pleading that names at least thirty-six Defendants. ECF No. 1.   Plaintiff included two other names, Daryall Bines and Nicholas Contrell, in the caption of the complaint form as plaintiffs.   *See* ECF No. 1 at 1.   Nowhere else in the complaint are these names mentioned, and neither individual has signed the pleading.   *See* ECF No. 1.   All claims and allegations in the complaint appear to arise from events involving only Terique Hall.   *Id*.   Moreover, a search of the Georgia Department of Corrections official database reveals no one by the names of "Daryall Bines" or "Nicholas Contrell" as having been confined in Calhoun State Prison or any other Georgia prison. *See* Georgia Department of Corrections Find an Offender website, https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp.   (Search "Bines, Daryall") (last visited May 29, 2026), [https://perma.cc/BXN7-N5JA]; Georgia Department of Corrections Find an Offender website, https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp.   (Search "Contrell, Nicholas")   (last visited May 29, 2026), [https://perma.cc/AX8T-QMWG].

Even if Mr. Bines and Mr. Contrell are inmates in prison with Mr. Hall, they would not be allowed to join as plaintiffs in this *pro se* civil action.   The Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join

together as plaintiffs in a single lawsuit and pay only a single filing fee.  Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming district court's dismissal of multi-plaintiff action under the PLRA and conclusion "that each plaintiff had to file a separate complaint and pay a separate filing fee").  As the Eleventh Circuit noted in *Hubbard*, the requirement that each plaintiff pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits.  *Id.* at 1197-98.  Therefore, this civil action is subject to dismissal for improperly joining multiple prisoner plaintiffs who seek to proceed *in forma pauperis* in a single lawsuit.  *See id.*; *Bowens v. Turner Guilford Knight Det.*, 510 F. App'x 863, 863 (11th Cir. 2013) (affirming under *Hubbard* the district court's dismissal of a prisoner complaint joined by six plaintiffs).

Furthermore, Plaintiff has failed to comply with Rule 8(a)(2) and Rule10(b) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a civil complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's statement of claim is neither short nor plain.  *See* ECF No. 1.  Indeed, Plaintiff's vague and conclusory claims are scattered throughout his factual narrative, intermingled with each other, and are not connected with particularity to his Defendants.  *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Williams v. Bennett*,

689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (finding that "naked assertion[s]" devoid of "further factual enhancement" cannot suffice to meet the Rule 8 pleading standard and a plaintiff must assert more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" in order to state a valid claim.). Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure which require that a party must state its claims in paragraphs limited to a single set of circumstances. Plaintiff's statement of claim is a dense and lengthy narrative of various incidents and occurrence, from which it is impossible to discern what specific claims Plaintiff seeks to bring against specific defendants. *See* ECF No. 1-1.

"[A] complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or [r]ule 10(b), or both" is a "shotgun pleading." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or

6

omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The unifying trait among the categories is that a plaintiff fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996) (finding that a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief[.]"). Here, Plaintiff's complaint falls into all four categories of shotgun complaints.

The leniency afforded to *pro se* litigants does not permit them to file a shotgun pleading, and the Eleventh Circuit has "condemned shotgun pleadings for decades," repeatedly upholding their dismissal by the district courts. *Nurse*, 618 F. App'x at 990; *Weiland*, 792 F.3d at 1321-23; *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006) ("Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently."); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."). Accordingly, Plaintiff's complaint is subject to dismissal.

Rather than recommending dismissal of Plaintiff's complaint, however, the Court will afford him one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Thus, Plaintiff is now

**ORDERED** to submit a recast complaint if he wishes to proceed and thus, Plaintiff's

motion to amend his complaint (ECF No. 6) is **DENIED** as moot.

The recast complaint must contain a caption that clearly identifies, by name, each

individual that Plaintiff has a claim against and wishes to include as a Defendant in the

present lawsuit.[2]   Plaintiff is to name only the individuals associated with the claim or

related claims that he is pursuing in this action.   Plaintiff must provide enough facts to

plausibly demonstrate that each Defendants' actions or omissions resulted in the violation

of his constitutional rights.[3]

---

[2] It is futile to name the State of Georgia or any of its agencies and entities such as the
Georgia Department of Corrections and Calhoun State Prison as Defendants in a § 1983
civil action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining
that the state and its agencies are not "persons" for the purposes of § 1983 liability);
*Leonard v. Dep't of Corr.*, 782 F. App'x 892, 894 (11th Cir. 2007) (noting the Eleventh
Amendment bars suit against the Georgia Department of Corrections); *Laster v. Ga. Dept'
of Corr.*, Civil Action No. 5:21-cv-00464-TES, 2022 WL 4450485, at *3 (M.D. Ga. Sept.
23, 2022), *rev'd in part on other grounds*, No. 22-13390, 2023 WL 5927140 (11th Cir.
Sept. 12, 2023) ("Georgia law makes it clear that individual prisons are not separate
entities—rather, each prison is a unit of the Georgia Department of Corrections."); *Parks
v. Georgia*, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (explaining "penal
institutions are entities which are not capable of being sued, as they are buildings").

[3] Plaintiff presently bases many of claims on allegations that the rules and standard
operating procedures of the Georgia Department of Corrections have been violated.   "In a
§ 1983 action, a federal court considers whether a constitutional right has been infringed,
not whether bureaucratic procedures have been violated." *Jones v. Schofield*, No. 1:08-
CV-7 WLS, 2009 WL 902154, at 3 (M.D. Ga. Mar. 30, 2009) (*citing Rineholtz. v.
Campbell* 64 F.Supp.2d 721, 731 (W.D.Tn.1999). "Prison regulations ... were never
intended to confer rights on inmates or serve as a basis for constitutional claims." *Id*.
"Instead, [state prison] regulations, as well as the Unified Code [of Corrections], were
designed to provide guidance to prison officials in the administration of prisons." *Id*.
"Prison regulations and Standard Operating Procedures do not confer federal rights to
prisoners that may be enforced or redressed in a § 1983 action." *Id*.   Therefore, any claim
based on any Defendant violating prison policies, rules, or standard operating procedures

It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

    (1)    What did this Defendant do (or not do) to violate your rights?   In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

    (2)    Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?   If not, how did his/her actions otherwise cause the unconstitutional action?   How do you know?[4]

---

is subject to dismissal.   This would include any claims as to a defendant's failure to follow procedure pertaining to the filing of grievances. In short, inmates do not have a constitutional right to participate in grievance procedures, to have those procedures properly followed, or to any preferred outcome to a filed grievance. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (citations omitted) (affirming dismissal as frivolous prisoner's claims that he was denied use of the prison's grievance procedure and holding that an inmate has no constitutionally-protected liberty interest in access to that procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns).

[4] Plaintiff is advised that he cannot name supervisors such as Wardens, Deputy Wardens, Unit Managers, and Lieutenants as defendants based solely on their official capacities and supervisory roles, as it appears he has done in his original complaint.   Supervisors are liable under §1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

(3)    When and where did each action occur (to the extent memory allows)?

(4)    How were you injured because of this Defendant's actions or inactions?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam).   Thus, Plaintiff's amended complaint will take the place of his original complaint.   In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration and he is now instructed not to do so.   A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.   Fed. R. Civ. P. 20(a)(1)(A)-(B).   "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims.   *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts."   *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).   Just because alleged events occur in one prison or jail does not

necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ."

If Plaintiff raises unrelated claims in his recast complaint, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow the Court's present order not to join unrelated claims. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 (holding that the district court did not abuse its discretion in dismissing plaintiff's case for his failure to comply with the Court's Order and his failure to comply with Rule 20 as to improperly joined claims.).

Plaintiff must honestly and completely answer each question presented in the Court's standard § 1983 complaint form, including but not limited to his prior litigation history. Plaintiff is not to include any exhibits, attachments, affidavits, miscellaneous notices, or service orders with his recast complaint as he has presently done with his

11

original complaint.   These superfluous documents have only contributed to the Court's confusion in discerning Plaintiff's claims and many of these filings have no purpose at the initial stages of litigation.   The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   Plaintiff should not otherwise use legal terminology such as "upon information and belief" or cite any specific statute or case law.   Plaintiff should take care to just state his allegations and his claims as to each and every named defendant as simply and succinctly as possible.   *See* Fed. R. Civ. P. 8.   If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.   ***The recast complaint must be no longer than ten (10) pages in its entirety***.   If Plaintiff exceeds this ten page limit either through the length of his recast complaint or supplements then this civil action may be dismissed for failure to comply with an order of the Court.

## CONCLUSION

Plaintiff's motion to appoint counsel (ECF No. 3) and motion to amend the complaint (ECF No. 6) are **DENIED**.   Plaintiff is **ORDERED** to (1) refile his Complaint on the Court's standard § 1983 form as instructed, and (2) submit a certified account statement that is signed by a correction official which includes a statement of Plaintiff's account transactions for the previous six months.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date below to comply with this Order.   While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing

address.   **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**   There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form and an account certification form along with his service copy of this order (with the civil action number showing on all).

**SO ORDERED and DIRECTED**, this 2nd day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

13